## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

SIERRA CLUB, et al.,

|                                  | *Petitioners*, | Case No. 25-1198 |

v.

UNITED STATES DEPARTMENT
OF ENERGY, et al.,

*Respondents*.

Case No. 25-1198

*Consolidated with*

Case Nos. 25-1202, 25-1254

## <u>MOTION OF CONSUMERS ENERGY COMPANY FOR LEAVE TO INTERVENE AND FOR EXTENSION OF TIME</u>

Pursuant to Federal Rules of Appellate Procedure 15, 26, and 27, Consumers Energy Company ("Consumers"), hereby moves to intervene in the above-captioned three consolidated proceedings. Because this motion to intervene is filed out of time, *see* Fed. R. App. P. 15(d), for the reasons discussed below, Consumers respectfully requests the Court grant an extension of time for Consumers to intervene to today. Counsel for Consumers has conferred with counsel for the parties in each of the three consolidated cases—namely, (1) Respondents U.S. Department of Energy ("DOE") and DOE Secretary Chris Wright; (2) Petitioners States of Illinois, Michigan, and Minnesota (collectively, the "States Petitioners"); and (3) Petitioners Sierra Club, Natural Resources Defense Council, Michigan Environmental Council, Environmental Defense Fund, Environmental Law and Policy Center, Vote Solar,

Union of Concerned Scientists, the Ecology Center, and Urban Core Collective (collectively, the "Environmental Petitioners"). Respondents take no position on this motion; Michigan, on behalf of the States Petitioners, takes no position on the motion but reserves the right to respond once the motion is filed; similarly; Environmental Petitioners take no position on the motion but reserve the right to oppose or otherwise respond after the motion is filed.

Consumers is moving to intervene now after one of Petitioners' opening briefs in a related set of cases put Consumers' interests directly at issue—in a manner not true before, and that indicates that the same will be true in this case. Consumers is the principal owner of the J.H. Campbell generation facility (the "Campbell Plant"). This case is about the lawfulness of an August 2025 order by DOE directing the Campbell Plant's continued operation past its scheduled retirement date. That order extends the directive first set out in a May 2025 DOE order, which is currently being challenged before this Court in Case Nos. 25-1159, 25-1160, and 25-1162. Because Consumers has taken no position on the lawfulness of the DOE orders, Consumers had planned to participate in all these cases as *amicus curiae* in support of neither party. Simultaneously, however, the Federal Energy Regulatory Commission ("FERC" or the "Commission") has been addressing Consumers' ability to recover the significant compliance costs it has incurred—an issue in which Consumers has an overriding interest. And on Friday, December 19, 2025, Consumers' interest in

the court proceedings changed: In response to the Court's order directing the parties in cases concerning the May DOE order to address "whether these cases have been mooted by the expiration of" the May DOE order, Order at 2, Case Nos. 25-1159 *et al.* (Nov. 20, 2025), the States Petitioners argued the case is not moot "because the legal validity of the Order will determine who bears its costs." Br. of States Petitioners at 23, Case Nos. 25-1159 *et al.* (Dec. 19, 2025) ("States Br.").

Consumers promptly filed a motion to intervene (and for extension of time) in the cases concerning the May DOE order—doing so on December 26, 2025. Because the August DOE order also has expired, Consumers expects the same argument will be raised in these cases, and hence seeks the same relief here.

Consumers has a strong interest in protecting its ability to recover its costs— one no other party can adequately represent. Now that this issue has been injected into the cases concerning the legality of the DOE orders, Consumers seeks to participate as a party to protect that interest. And because Consumers anticipates that its brief will focus on disputing the States Petitioners' cost-based non-mootness argument, Consumers has determined that it is most appropriate to align its brief with Respondents (though Consumers will continue to take no position on the DOE order's legality). No party will be prejudiced by allowing late intervention, as a briefing schedule has not yet been established. Consumers will comply with all

deadlines set by the Court and, consistent with Consumers' discrete interest, will limit its brief to the 6,500 words permitted for *amici*.

## BACKGROUND

### A.     Consumers and the Campbell Plant.

Consumers is a public utility that serves approximately 1.9 million electric customers and 1.8 million natural gas customers in Michigan's Lower Peninsula. Consumers owns and operates electric generation and distribution facilities. Consumers is a member of the Midcontinent Independent System Operator, Inc. ("MISO"), a regional electric transmission organization. Consumers is a market participant in the MISO wholesale power markets and takes transmission service in MISO.

These consolidated cases concern a DOE order issued under Section 202(c) of the Federal Power Act ("FPA") directing the continued operation of the Campbell Plant in West Olive, Michigan.[1] The Campbell Plant is a coal-fired electric generation plant with a summer capacity of approximately 1,400 MW. Consumers Energy had scheduled the Campbell Plant for retirement on May 31, 2025, with the approval of MISO and the Michigan Public Service Commission. *See* Order

---

[1] Wolverine Power Supply Cooperative, Inc. and the Michigan Public Power Agency own, respectively, 1.89% and 4.80% interests in one of the Campbell Plant's three generating units.

Approving Settlement Agreement, *In re Consumers Energy Co.*, Case No. U-21090-0901 (Mich. Pub. Serv. Comm'n June 23, 2022).

**B.    DOE Has Ordered the Campbell Plant to Remain Operational, and Some Parties Have Challenged That Decision Before DOE and This Court.**

On May 23, 2025, the Secretary of Energy issued an order pursuant to FPA Section 202(c) requiring the Campbell Plant to continue operating through August 20, 2025.  U.S. Dep't of Energy, Order No. 202-25-3 (May 23, 2025) ("May DOE Order").  Section 202(c) authorizes DOE to "determine[] that an emergency exists" and "require by order … such generation, delivery, interchange, or transmission of electric energy as in its judgment will best meet the emergency and serve the public interest." 16 U.S.C. § 824a(c)(1).[2]  Invoking Section 202(c), the DOE Order directed Consumers and MISO to "take all measures necessary to ensure that" the Campbell Plant is "available to operate."  May DOE Order at 2.  The May DOE Order further stated that "[r]ate recovery is available pursuant to [FPA Section 202(c)]." *Id.* at 3.

Several parties challenged the May DOE Order, petitioned DOE for rehearing under FPA Section 313(a), and asked DOE to stay its order.  *See* U.S. Dep't of

---

[2] *See* Department of Energy Organization Act, Pub. L. No. 95-91, 91 Stat. 565 (1977) (codified at 42 U.S.C. § 7101 *et seq.*).  Section 301(b) of the DOE Organization Act states that "[e]xcept as provided in subchapter IV, there are transferred to, and vested in, the Secretary [of Energy] the function of the Federal Power Commission…." 42 U.S.C. § 7151(b).  FPA Section 202(c) is not specifically referenced in subchapter IV of the DOE Organization Act as one of the authorities reserved to FERC. Accordingly, DOE has authority to declare emergencies and issue orders under Section 202(c) to address such emergencies.

Energy, *Federal Power Act Section 202(c): Midcontinent Independent System Operator (MISO)*, https://www.energy.gov/ceser/federal-power-act-section-202c-midcontinent-independent-system-operator-miso (last visited Jan. 5, 2026). After the 30-day agency reconsideration period provided for in FPA Section 313(a) expired, DOE issued a notice explaining that the requests for rehearing were "deemed denied by operation of law," U.S. Dep't of Energy, Order No. 202-25-3A (July 28, 2025), and three petitions were filed with this Court seeking judicial review of the May DOE Order, *see* Case Nos. 25-1159, 25-1160, 25-1162. The Court consolidated these petitions. On September 8, 2025, DOE issued an order addressing arguments raised in the rehearing requests and sustaining the conclusions in the May DOE Order. U.S. Dep't of Energy, Order No. 202-25-3B (Sept. 8, 2025) ("DOE Order on Rehearing").

The May DOE Order expired on August 21, 2025. May DOE Order at 3. But DOE on August 20, 2025 issued a new order extending the directive to keep the Campbell Plant available to operate through November 19, 2025. U.S. Dep't of Energy, Order No. 202-25-7 (Aug. 20, 2025) ("August DOE Order"). Several parties sought rehearing of this order and Consumers submitted a limited request for clarification about its ability to enter into certain transactions that could defray its compliance costs. *See* U.S. Dep't of Energy, *Federal Power Act Section 202(c): Midcontinent Independent System Operator (MISO)*, https://www.energy.gov/ceser/

federal-power-act-section-202c-midcontinent-independent-system-operator-miso-0 (last visited Jan. 5, 2026).  DOE issued a notice denying the requests for rehearing by operation of law, *see* U.S. Dep't of Energy, Order No. 202-25-7A (Oct. 23, 2025), but it has not yet issued an order substantively addressing the requests for rehearing or Consumers' request for clarification.  Three petitions for judicial review of the August DOE Order were filed with this Court and have been consolidated in this proceeding.  *See* Case Nos. 25-1198, 25-1202, and 25-1254 (consolidated).

On November 18, 2025, DOE again extended the mandate to maintain the Campbell Plant's availability, this time through February 17, 2026.  U.S. Dep't of Energy, Order No. 202-25-9 (Nov. 18, 2025) ("November DOE Order") (together with the May DOE Order, the DOE Order on Rehearing, and the August DOE Order, the "DOE Orders").  At the time of filing this motion, DOE's website showed that three requests for rehearing have been submitted regarding the November DOE Order.[3]

## C.     FERC Is Addressing the Recovery and Allocation of Consumers' Compliance Costs.

Because the DOE Orders have not been stayed or vacated, Consumers has complied with its obligations under those orders.  Simultaneously, Consumers is

---

[3]  *See* U.S. Dep't of Energy, *Federal Power Act Section 202(c): Midcontinent Independent System Operator (MISO) Order No. 202-25-9*, https://www.energy.gov/ ceser/federal-power-act-section-202c-midcontinent-independent-system-operator-miso-order-no-202-25 (last visited Jan. 5, 2026).

taking steps before FERC to ensure that it can recover its compliance costs and that those costs can reasonably be allocated among customers.

If parties to a Section 202(c) order fail to agree on rate-related terms for services ordered under FPA Section 202(c), FERC is authorized to "prescribe by supplemental order such terms as it finds to be just and reasonable, including the compensation or reimbursement which should be paid to or by any such party." 16 U.S.C. § 824a(c)(1); *see* 10 C.F.R. § 205.376.[4]  Consumers consulted with MISO about compensation for the continued operation of the Campbell Plant in compliance with the May DOE Order.  But MISO and Consumers ultimately agreed that MISO's tariff did not include a mechanism for such cost recovery and MISO does not have authority to unilaterally agree to rates for Section 202(c) service.

To address this gap, Consumers on June 6, 2025 submitted a complaint to FERC regarding recovery and allocation of its compliance costs.   Complaint Requesting Fast Track Processing, *Consumers Energy Co. v. Midcontinent Indep. Sys. Operator, Inc.*, Docket No. EL25-90-000 (F.E.R.C. filed June 6, 2025)

---

[4] When Congress created FERC, it transferred to FERC the Federal Power Commission's authority over "the establishment, review, and enforcement of rates and charges for the transmission or sale of electric energy … under part II of the Federal Power Act…."  42 U.S.C. § 7172(a)(1)(B).  This includes authority to address issues related to rates for services provided in compliance with a DOE Section 202(c) Order.  *See, e.g.*, *Emergency Interconnection of Elec. Facilities & the Transfer of Elec. To Alleviate an Emergency Shortage of Elec. Power*, 46 Fed. Reg. 39,984, 39,985 (DOE Aug. 6, 1981).

("Consumers Complaint"). This complaint asked FERC to use its authority under

Section 202(c) to order MISO to revise its tariff to add a rate schedule that allows

Consumers to recover from MISO members the costs of complying with the DOE

Orders "*net of market revenues* earned from the Campbell Plant's operation." *Id.* at

13. Consumers explained in its complaint that it planned to make a separate filing

with FERC after the conclusion of service under the May DOE Order to determine

which specific costs should be recoverable. *Id*. at 2.[5]

On August 15, 2025, FERC issued an order granting Consumers' complaint.

*Consumers Energy Co. v. Midcontinent Indep. Sys. Operator, Inc.*, 192 FERC

¶ 61,158 (2025) ("FERC Order"). FERC directed MISO to make a compliance filing

to adopt the new tariff provision Consumers had proposed and to provide further

detail about the method MISO proposes to use for divvying up compliance costs

among MISO customers. *Id.* at PP 2, 35. FERC on December 22, 2025 issued an

order addressing arguments raised in requests for rehearing and continuing to sustain

---

[5] Additionally, DOE sent a letter to FERC on June 13, 2025, explaining that "MISO and Consumers have not been able to reach agreement on the rate issues relating to" the May DOE Order. Referral to the Federal Energy Regulatory Commission at 2, *U.S. Dep't of Energy*, Docket No. AD25-14-000 (F.E.R.C. filed June 16, 2025). DOE therefore referred "only the rate issues to the Commission pursuant to 10 C.F.R. § 205.376." *Id.* FERC acknowledged this referral on June 24, 2025 and provided "notice of the Commission's intent to take further action in appropriate proceedings to address the corresponding rate issues." *U.S. Dep't of Energy*, 191 FERC ¶ 61,216 at P 1 (2025).

the complaint.  *Consumers Energy Co. v. Midcontinent Indep. Sys. Operator, Inc.*, 193 FERC ¶ 61,228 (2025) ("FERC Rehearing Order").  Meanwhile, the Michigan Attorney General on December 15, 2025 petitioned this Court for review of the FERC Order.  *See* Case No. 25-1285.

MISO on September 15, 2025, submitted a compliance filing to FERC to adopt the tariff provision proposed in Consumers' complaint, with the additional detail FERC directed MISO to provide on its specific proposed cost allocation method.  Compliance to Consumers Energy Company Complaint, *Midcontinent Indep. Sys. Operator, Inc.*, Docket No. ER25-3425-000 (F.E.R.C. filed Sept. 15, 2025).  Two protests and one comment requesting clarification were submitted in response to this filing, to which MISO and Consumers submitted answers.  *See* FERC, *eLibrary*, Docket No. ER25-3425-000, https://elibrary.ferc.gov/eLibrary/docketsheet?docket_number=er25-3425&sub_docket=000 (last visited Jan. 5, 2026).  FERC has not yet issued an order in this proceeding.

Additionally, while FERC's order on Consumers' complaint approved "the cost allocation methodology" proposed in that complaint, the order made clear that FERC has not yet approved "recovery of actual costs."  FERC Order at P 42.  FERC confirmed Consumers would need to "petition the Commission in a separate proceeding at a later date for approval to recover specific DOE order costs before ratepayers can be charged for such costs."  *Id.*

**D.**    **Petitioners' Opening Briefs Injected Cost-Recovery Issues Into The Case About the Legality of the May DOE Order.**

Consumers has sought to tailor its participation in these appeals to its interests and to avoid unnecessarily adding parties. Because these appeals concern the lawfulness of the August DOE Order, and because Consumers has taken no position on that question, Consumers on November 10, 2025 filed a notice stating that it intended to participate in this case as an *amicus curiae* in support of neither party. *See* Consumers Notice of Intent to File Amicus Curiae Br. (Nov. 10, 2025).

Consumers' interests changed when, on December 19, 2025, Petitioners filed their opening briefs in the consolidated cases concerning the May DOE Order. As directed in the Court's November 20, 2025 order, Order at 2, Case Nos. 25-1159 *et al.* (Nov. 20, 2025), these briefs addressed the question of whether the cases have been mooted by expiration of the May DOE Order. And States Petitioners led with the argument that the cases are not moot because "the legal validity of the [May DOE] Order will determine who bears its costs," suggesting that "[v]acatur of the Order" could on its own require a "refund … to … ratepayers." States Br. 23; *cf.* Br. of Pub. Int. Org. Pet'rs at 21, Case Nos. 25-1159 *et al.* (Dec. 19, 2025) ("Environmental Pet'rs. Br.") ("Ruling for Petitioners would reduce the risk they will pay those costs."); *id.* at 47 n.11 ("This case is also not moot" because its resolution "'may affect' the resolution of the FERC proceedings relating to recovery of Consumers' compliance costs." (citations omitted)). Petitioners have also argued

11

non-mootness on various other grounds, including the exception for issues capable of repetition but evading review.

Shortly thereafter, Consumers filed a motion to intervene and for extension of time in the consolidated appeals concerning the May DOE Order.  Consumers' Mot. to Intervene and for Extension of Time, Case Nos. 25-1159 *et al.* (Dec. 26, 2025).

## ARGUMENT

Consumers now seeks to intervene to protect its interest in recovering its costs and to urge this Court to reject any argument to find non-mootness here on the theory that vacatur of the August DOE Order would eliminate Consumers' right to recover its costs or require refunds.  Cost recovery issues are being addressed by FERC, as Congress in the FPA directed.  Consumers has a strong interest in ensuring that these issues remain where Congress placed them and that this Court, in addressing mootness issues, does not undermine Consumers' ability to recover its costs.

## I.    MOTION TO INTERVENE

Pursuant to Federal Rule of Appellate Procedure 15(d), Consumers' motion to intervene is proper and should be granted.  Federal Rule of Appellate Procedure 15(d) requires a "concise statement of the interest of the moving party and the grounds for intervention."  Fed. R. App. P. 15(d).  In considering appellate intervention, courts may also consider factors relevant to intervention in the district court pursuant to Rule 24 of the Federal Rules of Civil Procedure.  *E.g.*, *Cameron v.*

*EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 276–77 (2022). Those factors include (1) an "interest relating to the property or transaction that is the subject of the action"; (2) whether the movant is "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest"; (3) whether "existing parties adequately represent that interest"; and (4) whether the motion is timely filed. Fed. R. Civ. P. 24(a)(2); *see, e.g.*, *Old Dominion Elec. Coop. v. FERC*, 892 F.3d 1223, 1233 (D.C. Cir. 2018).

Here, Consumers has a direct and substantial interest in these cases. Consumers, along with MISO, is directly regulated by the August DOE Order. *Cf. Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 734 (D.C. Cir. 2003) (intervention appropriate where an agency "directly regulates a party" or "directly regulates the disposition of a party's property"). Consumers owns and operates the Campbell Plant. The August DOE Order directs that "[Consumers] *shall* take all measures necessary to ensure that the Campbell Plant is available to operate." August DOE Order at 8 (emphasis added). The August DOE Order further mandates that "[Consumers] *is directed* to comply with all orders from MISO related to the availability and dispatch of the Campbell Plant." *Id.* (emphasis added). Moreover, Consumers certainly has an "interest relating to the property … that is the subject of the action," as these cases are concerned with the operations of one of Consumers' generating facilities. Fed. R. Civ. P. 24(a)(2). And Consumers seeks to intervene

here to protect a concrete, pocketbook interest—ensuring that the Court's resolution of this proceeding does not affect Consumers' ability to recover costs it is incurring to comply with the DOE Orders and to advocate for a reasonable allocation of those costs.[6]  Consumers maintains that the Court's disposition of this proceeding *should not* impact FERC's resolution of the separate cost recovery matters, and Consumers is entitled to intervene to protect that interest.[7]

Consumers' interest is not adequately represented by the existing parties. *See Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 195 (2022) (noting that this requirement in analogous circumstances presents "proposed intervenors with only a minimal challenge").  Petitioners in their opening briefs in cases concerning the May DOE Order have suggested that cost recovery may not be available if that order is struck down as unlawful.  As for Respondents, this Court has "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors." *Crossroads Grassroots Pol'y Strategies v. FEC*, 788 F.3d 312, 314

---

[6] As noted, Consumers also has actively participated in the cost recovery proceedings before FERC, including by filing a complaint to ensure MISO has a mechanism to allow Consumers to recover and appropriately allocate its costs in operating the Campbell Plant pursuant to the DOE Orders.  *See generally* Consumers Complaint.

[7] For this reason, Consumers can show an injury-in-fact to a legally protected interest, causation, and redressability to establish Article III standing. *Cf. Fund for Animals*, 322 F.3d at 732-33 (requiring intervenors to demonstrate Article III standing); *Institutional S'holder Servs., Inc. v. SEC*, 142 F.4th 757, 764 & n.3 (D.C. Cir. 2025) (noting possibility that intervenors seeking the same relief as an existing party need not establish standing under Supreme Court precedent).

(D.C. Cir. 2015) (quotation marks omitted); *see also Dimond v. District of Columbia*, 792 F.2d 179, 192-93 (D.C. Cir. 1986) (noting a "governmental entity" does not adequately represent a private party "seeking to protect a more narrow and 'parochial' financial interest"). Thus, neither Petitioners nor Respondents have the same financial interest as Consumers does in ensuring cost recovery. Meanwhile, Consumers here takes no position on whether the August DOE Order exceeds DOE's statutory authority (as Petitioners believe) or falls within that authority (as Respondents believe).

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 15(c)(6), this Motion is accompanied by a corporate disclosure statement for Consumers.

## II.    MOTION FOR EXTENSION OF TIME

Consumers further respectfully requests that the Court extend the time to file this motion to today, January 5, 2026. This Court has authority to do so, even though, pursuant to Federal Rule of Appellate Procedure 15(d), motions to intervene were due on November 10, 2025 (for Case No. 25-1198), November 17, 2025 (for Case No. 25-1202), or December 1, 2025 (for Case No. 25-1254). Under Federal Rule of Appellate Procedure 26(b), appellate courts may "[f]or good cause[] … extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires." Fed. R. App. P. 26(b). And as the Sixth

Circuit has explained, appellate courts may "waive th[e] procedural requirements" of Rule 15(d), which "present[] a straightforward case" and "does not affect … subject matter jurisdiction." *Int'l Union of Operating Eng'rs, Loc. 18 v. Nat'l Lab. Rels. Bd.*, 837 F.3d 593, 59–96 (6th Cir. 2016). The Sixth Circuit therefore granted an untimely motion for intervention, explaining that no party opposed the motions and "[n]o prejudice will result if [the court] permits [the proposed intervenor] to participate…." *Id.*; *accord.* 16AA Charles Alan Wright et al., *Federal Practice and Procedure*, § 3961.4, Westlaw (5th ed. database updated Sept. 2025) ("It would seem that Federal Rule of Appellate Procedure 26(b) empowers the court to extend the time to intervene under Rule 15(d), and that Rule 26(b)(2)'s ban on extensions does not apply to Rule 15(d) intervention motions (as opposed to Rule 15(a) petitions or Rule 15(b) applications).").

Here, there is good cause to grant late intervention. Because Consumers has not taken a position on whether the August DOE Order is lawful and should be sustained, Consumers reasonably opted not to intervene when the petitions for review were filed and instead planned to participate as *amicus curiae* in support of neither party. But now, Petitioners have put Consumers' cost recovery directly at issue in their appeals of the DOE Orders—by making it a central component of the arguments on mootness in their opening briefs in the cases concerning the May DOE Order and asserting that case is not moot "because the legal validity of the Order

will determine who bears its costs." States Br. 23; *cf.* Environmental Pet'rs. Br. 21, 47 n.11. This development altered Consumers' interests in the pending appeals of the DOE Orders, and Consumers should be able to participate as a party in opposing Petitioners' request to find non-mootness on a theory that could prejudge whether Consumers can recover its costs in the event the August DOE Order is set aside. *Cf. Zeigler Coal Co. v. Off. of Workers' Comp. Programs*, 490 F.3d 609, 610 n.1 (7th Cir. 2007) (finding good cause to grant untimely motion to intervene where the intervenor previously "had no reason to believe that intervention was necessary to protect [its] interest"). That includes, if necessary, opposing or seeking further review of any opinion addressing that theory—as only a party can do.

Consumers, moreover, moved to intervene promptly after Petitioners' opening briefs in the cases concerning the May DOE Order were filed on December 19, 2025, which directly put Consumers' cost recovery at issue. *Cf. EMW Women's Surgical Ctr.*, 595 U.S. at 279–80 (measuring timeliness of a motion to intervene on appeal based on whether the intervenor acted promptly when "it became clear that [its] interests would no longer be protected by the parties in the case."). In addition, the Court has not yet set a briefing schedule for this proceeding. Consumers will comply with all deadlines set by the Court. Consumers will also limit itself to the length of an amicus brief (6,500 words), reflecting its intent to address only the discrete issue of cost recovery.

17

Exercising the Court's discretion to allow late intervention is particularly appropriate here given that multiple DOE orders concerning the Campbell Plant have been issued, each of which are likely to be subject to review by this Court. As noted above, three requests for rehearing have been filed regarding the November DOE Order, which extends the directive to keep the Campbell Plant operational through February 17, 2026. The November DOE Order is likely to come before this Court on appeal. And when it does, Consumers will timely move to intervene given that it is now clear that litigants are likely to raise cost recovery arguments to address mootness concerns. Because Consumers clearly can obtain as-of-right intervention in that proceeding, it will promote judicial economy and sound decisionmaking to permit late intervention here—ensuring that all perspectives are provided in the second proceeding to move forward regarding the DOE Orders.

If the Court were to deny this motion to intervene, Consumers would seek leave to file an amicus brief in alignment with Respondents.

## CONCLUSION

For the foregoing reasons, Consumers requests the Court grant this motion to intervene and motion for extension of time.

Dated: January 5, 2026

Respectfully submitted,

/s/ *Zachary C. Schauf*

Zachary C. Schauf
Juliana Brint
JENNER & BLOCK LLP
1099 New York Ave., NW, Suite 900
Washington, DC 20001
(202) 639-6000
zschauf@jenner.com

*Counsel for Consumers Energy*
*Company*

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| SIERRA CLUB, et al., | Case No. 25-1198 |
| *Petitioners*, | |
| v. | *Consolidated with* |
| UNITED STATES DEPARTMENT OF ENERGY, et al., | Case Nos. 25-1202, 25-1254 |
| *Respondents*. | |

## CORPORATE DISCLOSURE STATEMENT OF
## CONSUMERS ENERGY COMPANY

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Rules 15(c)(6) and 26.1 of the Circuit Rules of this Court, Consumers Energy Company submits the following corporate disclosure statement:

Consumers Energy Company is a Michigan corporation and a wholly owned subsidiary of CMS Energy Corporation ("CMS Energy"). CMS Energy is publicly traded. At the time of this statement, the Vanguard Group, Inc., and BlackRock Inc., each hold 10 percent or more of CMS Energy's stock. CMS Energy has no other parent corporations or publicly held corporations that own a 10% or greater ownership interest.

/s/  *Zachary C. Schauf*
Zachary C. Schauf
Juliana Brint
JENNER & BLOCK LLP
1099 New York Ave., NW, Suite 900
Washington, DC  20001
(202) 639-6000
zschauf@jenner.com

*Counsel for Consumers Energy Company*

## CERTIFICATE AS TO PARTIES AND *AMICI CURIAE*

Pursuant to D.C. Circuit Rules 27(a)(4) and 28(a)(1)(A), the undersigned counsel certifies as follows. The parties, amici, and entities that intervened and will participate in this proceeding are as follows:

Petitioners:

- 25-1198: Sierra Club, Natural Resources Defense Council, Michigan Environmental Council, Environmental Defense Fund, Environmental Law and Policy Center, Vote Solar, Union of Concerned Scientists, Ecology Center, and Urban Core Collective.

- 25-1202: The People of the State of Michigan.

- 25-1254: The State of Minnesota and the State of Illinois.

Respondents:

- 25-1198: U.S. Department of Energy and Christopher A. Wright, in his official capacity as Secretary of the U.S. Department Energy.

- 25-1202: U.S. Department of Energy and Christopher A. Wright, in his official capacity as Secretary of the U.S. Department of Energy.

- 25-1254: U.S. Department of Energy and Chris Wright in his official capacity as Secretary of the U.S. Department of Energy.

Movant-Intervenors:

There are presently no movant-intervenors.

<u>Amici</u>:

Consumers Energy Company on November 10, 2025 submitted a Notice of Intent to Participate as Amicus Curiae; the company is hereby seeking leave to participate as an intervenor rather than an *amicus curiae*.

Dated:  January 5, 2026                          */s/ Zachary C. Schauf*
                                                 Zachary C. Schauf

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned certifies:

1. This document complies with the word limit Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P.32(f), it contains 4,319 words.

2. This document complies with the typeface requirements of Fed. R. App. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface in 14-point Times New Roman font.

Dated:  January 5, 2026                          */s/ Zachary C. Schauf*
                                                       Zachary C. Schauf

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Motion to Intervene was served on all parties in Case Nos. 25-1198, 25-1202, and 25-1254 on January 5, 2026, via the Court's CM/ECF system, which sends automatic notification to counsel of record via email.

/s/ *Zachary C. Schauf*
Zachary C. Schauf